No. 2022-2153

# In the United States Court of Appeals For the Federal Circuit

SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., BAUSCH HEALTH IRELAND LTD., ALFASIGMA S.P.A.,

*Plaintiffs - Appellants*

v.

NORWICH PHARMACEUTICALS INC.,

*Defendant - Appellee*

Appeal from the United States District Court for the District of Delaware
No. 20-cv-430, Hon. Richard G. Andrews

# NOTICE OF POSTJUDGMENT MOTION AND UNOPPOSED MOTION TO ABATE APPEAL

VENABLE LLP
   Scott K. Reed
   Steven C. Kline
   Shannon K. Clark
   Alexis M. McJoynt
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
(212) 218-2100

VENABLE LLP
   Joshua Daniel Calabro
   Becky E. Steephenson
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500

MORGAN, LEWIS & BOCKIUS LLP
   William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188

MORGAN, LEWIS & BOCKIUS LLP
   Michael J. Abernathy
   Karon N. Fowler
   Michael T. Sikora
110 North Wacker Drive
Chicago, IL 60606
(312) 324-1000

MORGAN, LEWIS & BOCKIUS LLP
   Julie S. Goldemberg
1701 Market Street
Philadelphia, PA 19103
(215) 963-5095

*Counsel for Appellants*

# CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Numbers** | 2022-2153 |
| **Short Case Caption** | *Salix Pharmaceuticals, Ltd. v. Norwich Pharmaceuticals Inc.* |
| **Filing Party/Entity** | Appellants Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., Alfasigma S.p.A. |

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

/s/ William R. Peterson
William R. Peterson
*Counsel for Appellants,*
*Baxalta Inc. and Baxalta GmbH*

Dated: September 23, 2022

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Salix Pharmaceuticals, Ltd. | Not Applicable | Bausch Health Companies Inc. |
| Salix Pharmaceuticals, Inc. | Not Applicable | Bausch Health Companies Inc. |

1

| Bausch Health Ireland Ltd. | Not Applicable | Bausch Health Companies Inc. |
|---|---|---|
| Alfasigma S.p.A. | Not Applicable | Marino Golinelli & C. S.A.P.A. |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

| | | |
|---|---|---|
| Karen Jacobs<br>Morris Nichols Arsht & Tunnell LLP | Damien N. Dombrowski<br>Venable LLP | Daniel A. Apgar<br>Venable LLP |
| Jack B. Blumenfeld<br>Morris Nichols Arsht & Tunnell LLP | Kelly A. Plummer<br>Morgan, Lewis & Bockius LLP | Eric T. Harmon<br>Venable LLP |
| Cameron P. Clark<br>Morris Nichols Arsht & Tunnell LLP | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable

Appellants Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Salix") respectfully submit this Motion to Abate Appeal. Under the Federal Rules of Civil and Appellate Procedure, Salix's notice of appeal is suspended because Appellee Norwich Pharmaceuticals, Inc. filed a Rule 60(b) motion in the district court within 28 days of the final judgment.

## BACKGROUND

On August 10, 2022, the district court entered the final judgment. *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430, D.I. 193 (D. Del. Aug. 10, 2022). Six days later, on August 16, 2022, Salix filed its notice of appeal, *id.* at D.I. 198, and the appeal was docketed on August 17, 2022, *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, No. 2022-2153. Twenty-eight days after the final judgment was entered, on September 7, Norwich filed a motion to amend the judgment under Federal Rule of Civil Procedure 60(b). *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430, D.I. 205 (D. Del. Sept. 7, 2022).

Salix now files this motion to apprise the Court of the procedural development and request that the appeal be abated pending resolution of Norwich's Rule 60(b) motion.

On September 14, Salix asked Norwich whether it would oppose this motion to abate the appeal. On September 22, Norwich responded and confirmed to Salix that it does not oppose this motion.

### ARGUMENT

Although the district court has entered final judgment and Salix filed a notice of appeal, the appeal does not become effective until the district court disposes of Norwich's Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). The district court has yet to do so. As a result, Salix's notice of appeal should be held in abeyance. Fed. R. App. 4(a)(4)(A), (B)(i).

"Under Rule 4 of the Federal Rule of Appellate Procedure, . . . the time for filing a notice of appeal is extended if the party files in the trial court a motion under one of the specified Rules of the Federal Rules of the Civil Procedure" within the time allowed by those rules. *Peretz v. United States*, No. 2021-1831, 2022 WL 1232118, at *4 (Fed. Cir. Apr. 26, 2022) (citations omitted). The specified motions include a motion "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(iv), (iv); *see Peretz*, 2022 WL 1232118, at *4; *Barnes v. United States*, 747 F. App'x 860, 861 (Fed. Cir. 2019). "Only the disposition of that motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (discussing Rule 59(e) motion).

When a post-judgment motion is filed after a notice of appeal has been filed, the notice of appeal "is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). In other words, "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court[,] . . . regardless of whether the motion was filed before or after the notice of appeal." *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005); *SEC v. Alliance Leasing Corp.*, 28 Fed. App'x 648, 651 (9th Cir. 2002) (holding that notices of appeal filed after timely motion to alter or amend were suspended); *O'Sullivan Corp. v. Duro-Last, Inc.*, 7 Fed. App'x 509, 519 (6th Cir. 2001) ("A notice filed before the filing of one of the specified motions [including a motion to alter or amend the judgment under Rule 59] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals[.]") (internal citation omitted).

Under these principles, Salix's notice of appeal should be treated as suspended and effective only after the district court rules on Norwich's Rule 60(b) Motion. This Court should hold the appeal in abeyance until then and all briefing deadlines should be calculated from the time following the ruling on the post-judgment motion.

## CONCLUSION

For the foregoing reasons, Salix respectfully requests that the Court grant this Motion to Abate Appeal, hold the appeal in abeyance pending disposition of Norwich's Rule 60(b) motion in the district court, and order the parties to notify the Court after the district court rules on the Rule 60(b) motion.

Dated: September 23, 2022     Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ William R. Peterson*
MORGAN, LEWIS & BOCKIUS LLP
   William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188

VENABLE LLP
   Scott K. Reed
   Steven C. Kline
   Shannon K. Clark
   Alexis M. McJoynt
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
(212) 218-2100

MORGAN, LEWIS & BOCKIUS LLP
   Michael J. Abernathy
   Karon N. Fowler
   Michael T. Sikora
110 North Wacker Drive
Chicago, IL 60606
(312) 324-1000

VENABLE LLP
   Joshua Daniel Calabro
   Becky E. Steephenson
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500

MORGAN, LEWIS & BOCKIUS LLP
   Julie S. Goldemberg
1701 Market Street
Philadelphia, PA 19103
(215) 963-5095

*Counsel for Appellants Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., Alfasigma S.p.A.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this motion complies with the type-volume limitation of Circuit Rule 27(d).

1. Exclusive of the accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B) and the exempted portions of the motion as provided by Fed. R. App. P. 27(d)(2) and 32(f), the motion contains 754 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ William R. Peterson
William R. Peterson
*Counsel for Appellants*
*Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., Alfasigma S.p.A.*

Dated: September 23, 2022